UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CALLAHAN,  Case No. 12-cv-    -

    Plaintiff,

vs.

HARTLAND CONSOLIDATED SCHOOLS,
LIVINGSTON COUNTY, and JAMES STEINAWAY,

    Defendants.
_____/
SCHWARTZ LAW FIRM, P.C.
By:  Mary A. Mahoney (P41568)
Attorneys for Plaintiff
37887 W. Twelve Mile Rd., Suite A
Farmington Hills, MI  48331
(248) 553-9400
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, Schwartz Law Firm, P.C., and for his Complaint, states as follows:

1. This action arises under 42 USC §1983. Jurisdiction is conferred by 28 USC §1331, §1343(3), (4).

## PARTIES

2. Plaintiff is a minor residing with his parents in the City of Ypsilanti, County of Washtenaw, State of Michigan.

3. Defendant HARTLAND CONSOLIDATED SCHOOLS is a school district overseeing the operation of Hartland High School, the location of the events and actions complaint of herein.

4. Defendant LIVINGSTON COUNTY is a governmental subdivision of the State of Michigan, geographically situated within the Eastern District of Michigan.

5. Defendant JAMES STEINAWAY at all material times was employed by the Livingston County Sheriff's Department as a deputy sheriff, and also in the capacity of school resource officer for Hartland High School in Hartland Schools.

## COMMON ALLEGATIONS

6. When the events alleged in this complaint occurred, Defendant deputy was acting within the scope of their employment and under color of law.

7. At all material times, Defendant Hartland Consolidated Schools employed Defendant James Steinaway ("Steinaway") and utilized his services in connection with student activities, in accordance with its directives and under their authority and under color of law, and is liable for his acts. The school is also liable because of its policies, practices, and customs, which led to this complaint.

8. On September 17, 2010 in the evening hours, at the football field at Hartland High School, Livingston County, Plaintiff was attempting leave the football game in progress due to an episode of anxiety triggered by his pre-existing condition of post-traumatic stress disorder.

9. As Plaintiff was walking to the exit, he was physically stopped by a school aide who stated "Can't walk there" to Plaintiff; Plaintiff changed his course in the direction he believed was acceptable to the aide when the aide called out to unknown persons that she needed assistance. The aide did not indicate to Plaintiff where he was supposed to walk, and Plaintiff indicated to her that he wanted to leave the game.

10. Defendant Steinaway, who was an individual unknown to Plaintiff, approached and told Plaintiff that he would have to leave; Plaintiff followed Steinaway's instructions by

2

walking toward the exit of the facility, located near the entrance where Plaintiff had entered the facility.

11.     As Plaintiff was approaching the opening leading out of the football field, he was abruptly tackled from behind and taken violently to the ground, face down, with Defendant Steinaway on top of him.

12.     The force used to bring Plaintiff to the ground was sufficient to cause Plaintiff to suffer a concussion, lacerations to his face, a sprained hip, and other injuries to his person.

13.     Plaintiff initially struggled because he did not know why he was tackled, and was unaware of the identity Defendant Steinaway, who was in plain clothes, or that he was a law enforcement officer.

14.     When a uniformed officer approached to assist, Plaintiff recognized that he was being taken into custody by law enforcement, although he did not know why, and he immediately stopped struggling and placed his arms straight out from his sides.

15.     Defendant Steinaway took Plaintiff into custody by handcuffing him with the wrist restraints secured so tightly that they bruised Plaintiff's wrists and cut off circulation to his hands, causing him excruciating pain.

16.     Plaintiff was subsequently taken to the school offices, where he was interrogated by the school's Vice Principal, without his parents present, and without being advised of any of his constitutional rights; Plaintiff was not offered medical treatment, even after he told the Vice Principal that his head hurt and he was in pain from his injuries and from the unreasonable restriction of the handcuffs.

17.     Upon being released from custody to his parents, Plaintiff was treated at a medical facility for his injuries suffered at the hands of Defendant Steinaway.  Subsequently, Plaintiff has

required continued and ongoing physical rehabilitation and psychological treatment due to the egregious and outrageous nature of the Defendants' acts.

18. Plaintiff was subsequently charged with multiple crimes, including (1) assault on a police officer and resisting and obstructing a police officer, (2) assault and battery, (3) assault and battery, and (4) trespass.

19. Plaintiff pled guilty to a charge of disorderly person – jostling; all of the original charges in counts 1 through 4 were dismissed.

20. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe and extreme physical, mental and emotional injuries and damages.

## COUNT I

## ASSAULT AND BATTERY

21. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 20 above, as though fully set forth below.

22. Defendant STEINAWAY threatened and/or caused Plaintiff to feel the imminent threat of involuntary, unnecessary and excessive physical contact, specifically the harmful and violent touching of Plaintiff and threats of additional harm to Plaintiff.

23. The physical contact and threats of contact were unwarranted and excessive, and was made without legal cause or justification.

24. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe and extreme physical, mental and emotional injuries and damages.

25. Defendant's actions were extreme and outrageous, which exacerbated and increased Plaintiff's damages, such that Plaintiff is entitled to exemplary damages.

## COUNT II

## FALSE IMPRISONMENT

26. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 25 above, as though fully set forth below.

27. Defendant STEINAWAY took Plaintiff into custody through the use of force and under color of law, holding him against his will without any proper legal cause or justification.

28. Defendants STEINAWAY and HARTLAND CONSOLIDATED SCHOOLS restricted Plaintiff's liberty against his will, without any proper legal cause or justification.

29. Defendant LIVINGSTON COUNTY is liable for the acts of STEINAWAY under the doctrine of *respondeat superior*.

30. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe and extreme physical, mental and emotional injuries and damages.

31. Defendant's actions were extreme and outrageous, which exacerbated and increased Plaintiff's damages, such that Plaintiff is entitled to exemplary damages.

## COUNT III

## MALICIOUS PROSECUTION

32. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 31 above, as though fully set forth below.

33. Defendants, through their acts set forth above, caused criminal proceedings to be instituted against Plaintiff.

34. Defendants initiated and continued the proceedings without probable cause.

35. Defendants lacked probable cause to believe that Plaintiff committed the offenses charged in the criminal complaint, and reported and submitted false information in support of the charges.

36. All of the original charges against Plaintiff were dismissed.

37. Defendant initiated and continued the proceeding with malice, and with a primary purpose other than that of bringing an offender to justice, contrary to MCL 600.2907.

38. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe and extreme physical, mental and emotional injuries and damages.

39. Defendant's actions were extreme and outrageous, which exacerbated and increased Plaintiff's damages, such that Plaintiff is entitled to exemplary damages.

## COUNT IV

## CIVIL RIGHTS – FOURTH AMENDMENT –

## 42 USC §1983 – EXCESSIVE FORCE

40. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 39 above, as though fully set forth below.

41. Defendants, by their actions and the actions of their agents as set forth herein, acted under color of law and within the scope of employment.

42. As a direct and proximate result of the actions and conduct alleged, Plaintiff suffered deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and other laws, including without limitation the right to be free from deprivation of liberty, property and bodily security without due process of law, and the right to be free from unreasonable searches and seizures and excessive force.

43. Defendants violated Plaintiff's clearly established and federally protected rights by using excessive physical force against him and restraining his liberty.

44. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendment to the United States Constitution.

45. As a direct and proximate result of Defendants' violation/deprivation of Plaintiff's clearly established constitutional rights, Plaintiff claims compensatory and punitive damages pursuant to 42 USC §1983, together with interest, costs and attorney fees pursuant to 42 USC §1988.

## COUNT V

## VIOLATION OF 42 USC §1983 – MALICIOUS PROSECUTION

46. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 45 above, as though fully set forth below.

47. Defendant STEINAWAY caused charges to be instituted which were unsupported by law and fact and without legal or probable cause or legal justification.

48. Defendant acted with malice and for a primary purpose other than to bring an offender to justice.

49. The charges against Plaintiff were dismissed when Plaintiff pled guilty to a minor misdemeanor of "jostling" in order to avoid the risk and expense of a felony conviction based upon false and malicious reports.

50. Defendant failed to promptly and thoroughly investigate, and instead suborned false and misleading reports of witnesses who had no actual knowledge of purported events, thus

manufacturing probable cause after the fact, and wrongfully initiated criminal proceedings against Plaintiff.

51. Defendant knew or had reason to know that he was falsely manufacturing specious charges against Plaintiff in order to justify his wrongful conduct set forth above and his deprivation of Plaintiff's clearly established rights.

52. As a direct and proximate result of Defendants' violation/deprivation of Plaintiff's clearly established constitutional rights, Plaintiff claims compensatory and punitive damages pursuant to 42 USC §1983, together with interest, costs and attorney fees pursuant to 42 USC §1988.

## COUNT VI

## 42 USC §1983 as to HARTLAND CONSOLIDATED SCHOOLS AND LIVINGSTON COUNTY

53. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 52 above, as though fully set forth below.

54. Defendants HARTLAND CONSOLIDATED SCHOOLS and LIVINGSTON COUNTY acted recklessly, negligently and/or with deliberate indifference when they practiced and or permitted actions, policies and/or practices that resulted in constitutional and legal violations to Plaintiff, in the following particulars:

    a. Failing to train and/or supervise officers, agents and/or employees employed and/or utilized by them so as to prevent violations of citizens' constitutional and legal rights;

    b. Failing to conduct proper background investigations of officers, agents and/or employees employed and/or utilized by them so as to ensure they were not

employing/utilizing individuals who they know or had reason to know had a propensity to violate citizens constitutional and legal rights;

    c.    Failing to monitor the activities of officers and/or agents and/or employees employed/utilized by them so as to ensure that the officers/agents/employees would conduct prompt, thorough and legally sufficient investigations of incidents and/or crimes;

    d.    Failing to train officers employed and/or utilized by them in the proper legal standards for establishing probable cause to arrest and effectuating arrests without the use of excessive force;

    e.    Allowing employees and/or agents to conduct unlawful interrogations of suspects without adhering to clearly established rights guaranteed by the state and federal constitutions.

55. Defendants' acts and/or omissions were so reckless as to be in disregard of a substantial likelihood that injuries would result.

56. As a direct and proximate result of Defendants' violation/deprivation of Plaintiff's clearly established constitutional rights, Plaintiff claims compensatory and punitive damages pursuant to 42 USC §1983, together with interest, costs and attorney fees pursuant to 42 USC §1988.

## DAMAGES/RELIEF REQUESTED

WHEREFORE, Plaintiff, RYAN CALLAHAN, respectfully requests that this Court enter the following legal and equitable relief:

    a.    Compensatory damages in an amount in excess of $75,000.00;

    b.    Exemplary damages in an amount in excess of $75,000.00;

    c.    Punitive damages in an amount in excess of $75,000.00;

    d.       Interest, costs and actual attorney fees; and

    e.       Such other and further legal and/or equitable relief as the Court shall deem just and appropriate.

                      SCHWARTZ LAW FIRM, P.C.

                      By:_____
                         Mary A. Mahoney (P41568)
                         Attorney for Plaintiff
                         37887 West Twelve Mile Road, Suite A
                         Farmington Hills, Michigan  48331
                         (248) 553-9400
                         mmahoney@schwartzlawfirmpc.com

Dated:   February 21, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CALLAHAN,                                              Case No. 12-cv-    -

    Plaintiff,

vs.

HARTLAND CONSOLIDATED SCHOOLS,
LIVINGSTON COUNTY, and JAMES STEINAWAY,

    Defendants.
_____/
SCHWARTZ LAW FIRM, P.C.
By:  Mary A. Mahoney (P41568)
Attorneys for Plaintiff
37887 W. Twelve Mile Rd., Suite A
Farmington Hills, MI  48331
(248) 553-9400
_____/

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, Ryan Callahan, by and through his attorney, Schwartz Law Firm, P.C., and hereby demands a trial by jury of the within cause.

    SCHWARTZ LAW FIRM, P.C.

    By:_____
      Mary A. Mahoney (P41568)
      Attorney for Plaintiff
      37887 West Twelve Mile Road, Suite A
      Farmington Hills, Michigan  48331
      (248) 553-9400
      mmahoney@schwartzlawfirmpc.com

Dated:  February 21, 2012