UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CALLAHAN,

       Plaintiff,

vs.                                                                      Case No. 12-10774

HARTLAND CONSOLIDATED SCHOOLS,                    HON. AVERN COHN
LIVINGSTON COUNTY, and JAMES
STEINAWAY,

       Defendants.

_____/

**MEMORANDUM AND ORDER DENYING
HARTLAND'S MOTION FOR ATTORNEY FEES (Doc. 67)
AND DENYING LIVINGSTON'S MOTION FOR SANCTIONS (Doc. 75)[1]**

**I. INTRODUCTION**

      This is a 42 U.S.C. § 1983 and intentional tort case arising out of an altercation between a student, plaintiff Ryan Callahan (Callahan), and defendant James Steinaway (Steinaway), a deputy sheriff with the Livingston County Sheriff's Department and the Hartland High School's Student Resource Officer (SRO).   Callahan claims he was assaulted by Steinaway at a high school football game.   Callahan initially sued (1) Steinaway; (2) the school district, Hartland Consolidated Schools (Hartland); and (3) the county, Livingston County (Livingston).   Callahan claims that Steinaway assaulted him, used excessive force, and that he was falsely imprisoned.   On these facts, Callahan claimed that Hartland and Livingston were liable under a failure to train/supervise theory.

      On February 8, 2013, the Court issued a Memorandum and Order Granting

_____

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument.   *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Defendant Hartland's Motion for Summary Judgment and Granting Defendant Livingston County's and Steinaway's Motion for Partial Summary Judgment.  (Doc. 58).  The Court dismissed the claims against Hartland and Livingston.  The only defendant remaining is Steinaway.

Now before the Court is (1) Hartland's motion for attorney fees (Doc. 67); and (2) Livingston's motion for sanctions (Doc. 75).  Hartland and Livingston say that they should be awarded attorney fees as a sanction for Callahan pursuing frivolous and groundless municipal liability claims.  For the reasons that follow, the motions are DENIED.

## II. BACKGROUND

The facts of this case are more fully set forth in the Court's February 8 order and are not repeated here.  *See* (Doc. 58 at 2-7).  For purposes of this motion, the facts are limited to Callahan's claims against Hartland and Livingston.

Callahan's claims against Hartland and Livingston were framed as failure to train/supervise claims under 42 U.S.C. § 1983.  On March 27, 2012, Hartland moved for summary judgment and/or to dismiss.  (Doc. 12).  The Court treated the motion as a motion to dismiss.  Livingston did not file a motion.

On July 18, 2012, the Court held a hearing on Hartland's motion to dismiss.  The lawyers for Hartland, Livingston, and Callahan were all present.  At the hearing, the Court engaged in the following conversation with Hartland's lawyer:

> THE COURT:     Count six, failed to train or supervise officers employed or utilized by them, failure to conduct proper background investigation utilized by them, failure to monitor the activities, failure to use – failure to train officers, allowed employees to conduct unlawful interrogations.  Well,

<table>
<tr><td></td><td>if we separate those out between Hartland Consolidated Schools and Livingston County which they should have done because this is not the best pleading in the world, but stand alone, aren't those sufficient at least to require something more before I dismiss it:?</td></tr>
<tr><td>MR. HENLEY:</td><td>No, your Honor, I don't believe so.</td></tr>
<tr><td>THE COURT:</td><td>Why?</td></tr>
<tr><td>MR. HENLEY:</td><td>For several reasons.  First of all count six, your Honor, really does not allege any sort of substantive violation of any type of right.   It simply consists of allegations which –</td></tr>
<tr><td>THE COURT:</td><td>Yeah, but you have to read it in the context of the common allegations.</td></tr>
</table>

(Doc. 62 at 6-7).

At the hearing, the Court also cautioned Callahan's lawyer:

<table>
<tr><td>THE COURT:</td><td>Look, sooner or later I'm reasonably certain the school district and the sheriff will be out.  That's the history of these cases.  I don't think that life in Livingston County or in Hartland has deteriorated to the point where they're employing inadequately trained people.   I haven't seen yet . . ., in all my years where one of these failing to train policies[,] unless it was a use of fatal force[,] got very far and I think plaintiff's counsel knows it.</td></tr>
<tr><td>MS. MAHONEY:</td><td>I'm going to give it my best shot anyway, Judge.</td></tr>
<tr><td>THE COURT:</td><td>What?</td></tr>
<tr><td>MS. MAHONEY:</td><td>I'm going to give it my best shot anyway.</td></tr>
<tr><td>THE COURT:</td><td>Well, you can't.  You've got to be careful</td></tr>
</table>

3

|                  |                                                                                                                                   |
|------------------|-----------------------------------------------------------------------------------------------------------------------------------|
|                  | because if you fall too far short, you're subject to sanctions.                                                                    |
| MS. MAHONEY:     | Understood, Judge.                                                                                                                 |
| THE COURT:       | I'm cautioning you.                                                                                                                |
|                  | . . . .                                                                                                                           |
| THE COURT:       | No, I'm not going to dismiss the count at this time. I'll give her some discovery, but –                                           |
|                  | . . . .                                                                                                                           |
| THE COURT:       | – but plaintiff's counsel is cautioned, this is a difficult claim to prove, but I think there's enough language in there to notify you under Rule Eight of what you face. I'm not a great fan of *Iqbal* and *Twombly*. |

(*Id.* at 11-12).

The Court denied Hartland's motion to dismiss. (Doc. 24). As it relates to Hartland and Livingston, the Court directed Callahan to file an amended complaint which separates the claims against them in separate counts. (*Id.*). Callahan complied. (Doc. 25).

After the hearing on Hartland's motion to dismiss, the parties moved forward with discovery. Following several depositions, Hartland filed a motion for summary judgment (Doc. 31), and Livingston and Steinaway filed a partial motion for summary judgment (Doc. 33).

Callahan opposed the motions. Callahan argued that Hartland had an unconstitutional written policy, failed to train/supervise its staff in crowd control, and improperly suspended Callahan before conducting a complete investigation. The Court rejected Callahan's arguments and held that Hartland was not the "moving force" behind

4

Callahan's claimed constitutional violations.  Similarly, Callahan argued that Livingston failed to supervise/train Steinaway, and that this led to Callahan's claimed injuries. Callahan relied on the fact that Steinaway had been sued by a student in a previous case. The Court, however, determined that Steinaway received training after he was sued, and that Livingston was not the "moving force" behind Callahan's claimed constitutional deprivations.  Accordingly, the Court entered an order granting the motions for summary judgment, and the claims against Hartland and Livingston were dismissed.  *See* (Doc. 58).

### III. LEGAL STANDARDS

"An award of attorney's fees, whether granted under 28 U.S.C. § 1927, under 42 U.S.C. § 1988, or under the court's 'inherent powers,' rests in the sound discretion of the trial court."  *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (citations omitted).

### A. 28 U.S.C. § 1927

Federal courts have inherent powers to impose sanctions under 28 U.S.C. § 1927. *DiPonio Const. Co., Inc. v. Int'l Union of Bricklayers and Allied Craftworkers, Local 9*, 687 F.3d 744, 752 n.3 (6th Cir. 2012).  Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  In order for such sanctions to be imposed, an attorney must have "acted in bad faith, with improper motive, or with reckless disregard of duty owed to the court."  *Bidasaria v. Cent. Mich. Univ.*, No. 10-15079, 2012 WL 3077211, at *2 (E.D. Mich. July 30, 2012) (citations omitted).  "Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is

frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.' " *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (citation omitted); *see also Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (citing *Jones*, 789 F.2d at 1230).

As the Sixth Circuit has recognized, "[a]n award of attorney's fees against a losing party in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones*, 789 F.2d at 1232. Indeed, "[i]t is a function of the intrinsic nature of civil rights actions that on occasion plaintiffs may not possess full evidentiary support at the onset. However, a civil rights plaintiff does not have free rein to bring and pursue frivolous claims." *Ridder*, 109 F.3d at 299. Courts employ an objective standard in determining whether attorneys' fees are an appropriate sanction under 28 U.S.C. § 1927:

> [S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Id.* at 298 (citations omitted). Indeed, "[t]he purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Sabatine v. Paul Revere Life Ins. Co.*, No. 12-3719, slip op. at *3 (6th Cir. April 26, 2013) (citing *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)).

### B. 42 U.S.C. § 1988

The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), states, in pertinent part: "In any action or proceeding to enforce a provision of section[] . . . 1983. . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable

6

attorney's fee as part of the costs. . . ."  Similarly to attorneys' fees under 28 U.S.C. § 1927, attorneys' fees under 42 U.S.C. § 1988 are "extreme sanctions" and "must be limited to truly egregious cases of misconduct."  *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Jones*, 789 F.2d at 1232) (internal quotations omitted); *see also Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (reasoning that a prevailing defendant "should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith' ").

As the Sixth Circuit has recently explained, there are competing interests in determining whether attorneys' fees should be awarded under 42 U.S.C. § 1988(b).  "On the one hand, § 1988 plays a critical role in 'ensur[ing] that federal rights are adequately enforced,' and attorneys have every right to be compensated for any fees and expenses they reasonably incur."  *Binta B. v. Gordon*, ___ F.3d ___, 2013 WL 1136544, at *1 (6th Cir. 2013).  "On the other hand, these cases can all too easily become a way of life for the attorneys involved, and consequently over time it can become increasingly unclear, for both the attorneys and the courts, precisely what work falls within the ambit of § 1988."  *Id.*

Recently, the Sixth Circuit in *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009), recognized that the Supreme Court has cautioned against imposing sanctions in every case:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been

7

the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. . . .

Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)).

## IV. DISCUSSION

### A. Hartland's Motion

Hartland claims that it is entitled to attorneys' fees both under 28 U.S.C. § 1927 and 42 U.S.C. § 1988. Hartland is mistaken.

Hartland misplaces its reliance on the Court's cautionary statement that a claim against Hartland would be "difficult to prove," which was made to Callahan's lawyer at the hearing on the motion to dismiss. Ultimately, Hartland's motion to dismiss was denied. The Court agreed with Callahan that he had stated a claim against Hartland upon which relief could be granted. Although Callahan did not prevail when the Court considered his claim against Hartland on the merits, it was not frivolous, and does not rise to the level of egregiousness necessary to award attorneys' fees as a sanction under 28 U.S.C. § 1927 or 42 U.S.C. § 1988. Callahan made an attempt to prove his claims. He fell short. However, even though Callahan's claim against Hartford was insufficient to survive summary judgment, his position was not wholly unjustified.

Callahan claimed that Hartland violated his constitutional rights by (1) maintaining

8

a vague written policy that did not meaningfully protect students from constitutional violations; (2) failing to train/supervise its staff in "crowd control"; and (3) suspending him without a proper investigation.   Through discovery, Callahan learned that the staff performing "crowd control" duties at the football game on the evening he was allegedly assaulted by Steinaway never received any formal training from the school.   Armed with this information, Callahan put forth an argument that Hartland was liable under a failure to train/supervise theory.   The Court rejected Callahan's argument and cited the "on-the-job" training Hartland's staff had received by performing the same duties without incident for several years.   The Court also rejected Callahan's position that Hartland was deliberately indifferent by suspending him without an investigation.

Though the Court did not agree with Callahan, Hartford attempts to recharacterize Callahan's lawyer's zealous advocacy as pursuing a frivolous claim.   The Court does not see it that way.

### B. Livingston's Motion

Livingston says it is entitled to attorneys' fees under 28 U.S.C. § 1927.   Livingston is incorrect.

Livingston, like Hartland, erroneously relies on the Court's cautionary statement to Callahan's lawyer at the hearing on Hartland's motion to dismiss to support its claim that attorneys' fees should be awarded under 28 U.S.C. § 1927.   Interestingly enough, however, Livingston never filed a motion to dismiss.   The hearing was scheduled to address *Hartford's* motion to dismiss.   Given that Livingston never challenged Callahan's complaint by filing a motion to dismiss, its position that Callahan's claim against it was frivolous is specious.

Further, although ultimately dismissed on summary judgment, the legal theory Callahan's claim against Livingston was based on was not wholly unsupported by the facts learned through discovery. Callahan's lawyer did not knowingly pursue a frivolous claim. Rather, Callahan's lawyer zealously advocated for her client based on the facts that were in his favor. Callahan claimed that Livingston failed to train/supervise Steinaway, which led to him being assaulted by Steinaway. In support of his claim, Callahan relied on the fact that Steinaway had previously been sued by a student for using excessive force. Callahan argued that Livingston, equipped with this knowledge, should not have placed Steinaway in a position where he had interaction with students. The Court rejected this argument and cited to specific training that Steinaway received after he had been sued the first time. On these facts, however, an award of attorneys' fees under 28 U.S.C. § 1927 as a sanction is not justified.

## V. CONCLUSION

For the reasons stated above, Hartland's motion for attorney fees and Livingston's motion for sanctions were denied. The claims against Hartland and Livingston, although ultimately dismissed on summary judgment, were not frivolous. Callahan's lawyer did not multiply the proceedings or otherwise act inappropriately. Rather, she zealously advocated for her client's cause. This case is not an egregious case where the extreme sanction of an award of attorneys' fees against the losing party, whether under 28 U.S.C. § 1927 or 42 U.S.C. § 1988, is appropriate.

SO ORDERED.

10

12-10774 Ryan Callahan v. Hartland Consolidated Schools, et al


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 30, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 30, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160